UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SHALON LEMONT DEMON
JOHNSON-TOWNES,
*Petitioner*,

v.

THE COMMONWEALTH OF VIRGINIA,
*Respondent.*

1:24-cv-01224-MSN-WEF

**MEMORANDUM OPINION**

Shalon Lemont Demon Johnson-Townes ("Petitioner" or "Johnson-Townes"), a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his October 23, 2018 convictions for carjacking, robbery, malicious wounding, and two counts of use of a firearm in the commission of a felony in the Circuit Court for the City of Petersburg, Virginia. ECF 1. On October 11, 2024, Respondent filed a Motion to Dismiss, Rule 5 Answer, and a brief in support, with exhibits. ECF 8-10. On May 9, 2025, the Court advised Petitioner of his opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (ECF 15), but he has not responded.[1] The matter is ripe for disposition, and, for the reasons that follow, Respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

**I. Procedural History**

On October 16, 2018, Johnson-Townes pleaded guilty, pursuant to a plea agreement, in the Circuit Court for the City of Petersburg to one count of carjacking, in violation of Virginia

---

[1] On March 10, 2025, a *Roseboro* Notice was sent to Petitioner at the address he provided, and returned on May 6, 2025. ECF 14. The Court thereafter issued a new *Roseboro*, which was mailed to Petitioner at his updated address at the Illinois Department of Corrections.

Code § 18.2-58.1; one count of robbery, in violation of Virginia Code § 18.2-58; one count of malicious wounding, in violation of Virginia Code § 18.2-51.2; and two counts of use of a firearm in the commission of a felony, in violation of Virginia Code § 18.2-53.1. ECF 10-1. Johnson-Townes also pleaded guilty to one count of violating his parole, while a juvenile, in violation of Virgina Code § 16.1-291. He was sentenced that same day to twenty years in prison, with five years suspended, for carjacking; twenty years in prison, with fifteen years suspended, for robbery; twelve months in prison, all suspended, for violating juvenile parole; three years in prison for each use of a firearm conviction; twenty years in prison, with eighteen years suspended, for malicious wounding. *Id.* The circuit court entered the judgment order on October 23, 2018.[2] Johnson-Townes did not file a direct appeal in either the Court of Appeals of Virginia or the Supreme Court of Virginia. ECF 1 at 2.

On November 10, 2022, Johnson-Townes, proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court that was dismissed without prejudice on March 27, 2023 because he had failed to obey a court order.[3] *Shalon Demon Johnson-Townes v. Commonwealth of Virginia*, No. 1:22-cv-01356-MSN-LRV (E.D. Va. Mar. 27, 2023) ("*Johnson-Townes I*"). The 2022 petition raised the following claims:

1)  Petitioner's plea was not voluntarily and knowingly entered because Petitioner had been "diagnosed with multiple mental deficiencies," was taking medication, and was "to be evaluated by a mental health specialist to see if [he] was competent to stand trial." *Id.,* ECF 1 at 5.

---

[2] The transcript reflects that the sentences were in accordance with Petitioner's plea agreement and that several other charges were dismissed by entry of a *nolle prosequi*. 10/16/18 Tr. at 10–11. The judgment order does not indicate that any of the sentence for the robbery conviction was suspended, but also indicates that the total sentence imposed was sixty-six years and twelve months in prison, with thirty-eight years and twelve months suspended. October 23, 2018 Order at 2. The total suspended portion of the order indicates that another fifteen years of the total sentence was ordered, which indicates that there is a scrivener's error that the state court should correct. The scrivener's error, however, does not affect the resolution of this case.

[3] The petition was dated November 10, 2022, which is the earliest Petitioner could have delivered it to correctional officers for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (a pleading is filed at the time a prisoner delivers it to the prison authorities for forwarding to the court clerk); *Johnson–Townes I,* ECF 1 at 15.

2) Petitioner "[l]ack[ed] … knowledge of the time/consequences of the plea. [His] attorney didn't fully tell [him] of the severity of the charges/time," which denied [him] effective assistance of counsel." *Id.* at 7.

3) "[Petitioner's] age at the time of the conviction and [his] not yet developed mind," meant that he "was manipulated into taking a plea." *Id.* at 8.

4) Petitioner "[l]ack[ed] … knowledge of the severity of the charges/actions. [He] was young and unaware of what was fully taking place partially from a lack of attorney guidance." *Id.* at 10.[4]

Johnson-Townes did not appeal the dismissal of *Johnson-Townes I* to the Fourth Circuit.

Johnson-Townes filed a state petition for writ of habeas corpus on November 10, 2022, in the Circuit Court for the City of Petersburg. The state petition and the first federal petition, *Johnson-Townes I*, raised identical claims.[5] The circuit court dismissed the state petition on April 24, 2023 as barred under the state statute of limitations.[6]

---

[4] A district "court must consider claims as they are presented in the petition, reviewing them under the applicable standard" and it is "the district court's duty to consider only the specific claims raised in a § 2254 petition." *See Folkes v. Nelsen*, 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted); *Frey v. Schuetzle*, 78 F.3d 359, 360–61 (8th Cir. 1996) ("[D]istrict courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief.").

[5] The state petition and related state pleadings included a copy of the federal petition filed in *Johnson-Townes I*. ECF 10-2 at 8.

[6] The pages of the record from the state habeas proceeding are not numbered but are filed in chronological order. *Johnson-Townes v. Clarke*, Case No. CL23–51. The dismissal order found that the petition was barred as untimely under the state habeas statute of limitations. *Id.*, April 24, 2023 Order, at 2–4 (citing Va. Code § 8.01–654(A)(2)). In the alternative, the state habeas court found that Claims 1, 3, and 4 were defaulted under the rule of *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), which holds that claims that could have been raised at trial or on direct appeal may not be raised on state collateral review. *See Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006) (application of *Slayton* by the state court is a "procedural bar [that] constitutes an adequate and independent state law ground for default") (citing *Wright v. Angelone*, 151 F.3d 151, 159–60 (4th Cir. 1998)). The state court dismissal also found that Johnson-Townes's guilty plea waived the alleged errors because they were non-jurisdictional claims. *Johnson-Townes*, Case No. CL23–51, April 24, 2023 Order at 4 (citing *Williams v. Commonwealth*, 536 S.E.2d 916, 918 (Va. Ct. App. 2000) ("A guilty plea waives all objections to non-jurisdictional defects that occurred before the plea."); *Peyton v. Commonwealth*, 169 S.E.2d 569, 571 (Va. 1969); *Savino v. Commonwealth*, 391 S.E.2d 276, 278–79 (Va. 1990)). The state court then found that the Claim 4, alleging ineffective assistance of counsel had no merit. *Id.* April 24, 2023 Order at 4–9.

In addition, Johnson-Townes' failure to appeal the circuit court's dismissal of his state habeas petition to the Virginia Supreme Court precludes federal review. *See Whitley v. Bair*, 802 F2d 1487, 1502 (4th Cir. 1989) ("Failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."); *see also Wise v. Williams*, 982 F.2d 142, 146 (4th Cir. 1992) (affirming district court's conclusion that state habeas claim was procedurally defaulted due to prisoner's failure to timely file his notice of appeal); *O'Dell v. Netherland*, 95 F.3d 1214, 1244 (4th Cir. 1996) ("[W]e hold that the Virginia Supreme Court's dismissal of [Petitioner's] appeal from the denial of the writ of *habeas corpus* as untimely was a state ground 'adequate' to bar federal *habeas* review."); *Spencer v. Murray*, 5 F.3d 758, 761 (4th Cir. 1993) (Rule 5:17(a)(1) is an adequate and independent state ground that

**II. The Federal Petition**

On July 2, 2024, Johnson-Townes, proceeding *pro se*, filed the present § 2254 petition in this Court, which raises the following claims:

I. Ineffective Assistance of Counsel: "[Petitioner's] lawyer did not notify the Court that [he] ha[d] been taking medication since [he] was nine years old." ECF 1 at 5.

II. "Proper admonishment": Petitioner was not asked if he was "under the influence of drugs/medication or alcohol at the time of entering his plea;" and if he was "receiving psychiatric or medical treatment at the time of the plea. Therefore, [he] was not properly reprimanded." *Id.* at 7.

III. "Binding Contracts," Petitioner was unable to make a contract because he was not of "sound mind" *i.e.*, he was "incapable of acting in the ordinary affairs of life; or in the particular, his idiocy will annul the contract." *Id.* at 8.

IV. "Lack of Maturity/[]fully developed mind." Petitioner "was a juvenile on mind altering medication and should not have been able to enter a plea of any kind without mental qualified professional evaluation." *Id.* at 10.[7]

**III. Statute of Limitations**

Respondent seeks dismissal of the federal habeas petition as untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus must be dismissed if it is filed more than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). This period generally begins on "the date on which the judgment became final by the conclusion of direct review or the

---

bars federal habeas review of claims raised by a federal petition "in his state habeas appeal . . . unless those claims were otherwise exhausted by being raised on direct appeal.").

[7] A district "court must consider claims as they are presented in the petition, reviewing them under the applicable standard" and it is "the district court's duty to consider only the specific claims raised in a § 2254 petition." *See Folkes v. Nelsen*, 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted); *Frey v. Schuetzle*, 78 F.3d 359, 360–61 (8th Cir. 1996) ("[D]istrict courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief.").

expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2).

Johnson-Townes did not appeal his October 23, 2018 judgment order, which became final thirty days later (Thursday, November 22, 2018) when the time to file a notice of appeal from the circuit court to the Virginia Court of Appeals lapsed. Va. Sup. Ct. R. 5A:6;[8] *Miller v. Hooks*, 749 F. App'x 154, 159 (4th Cir. 2018) ("[A] state conviction for a petitioner who does not appeal to the state court of last resort becomes final when the time for seeking further review in state court expires.") (citing *Gonzalez v. Thaler*, 565 U.S. 134, 137, 150 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking review expires.")). Further, in calculating when direct review ends, the 90-day period for filing an application for writ of certiorari with the United States Supreme Court is not included when a habeas petitioner, such as Petitioner, does not properly maintain a direct appeal through the highest available state court. *See Butler v. Cain*, 533 F.3d 314, 316–19 (5th Cir. 2008); *Pugh v. Smith*, 465 F.3d 1295, 1297–1300 (11th Cir. 2006). Petitioner, therefore, had until Friday, November 22, 2019, to file his § 2254 petition. As that time passed without the Petitioner filing of a 2254 petition, absent statutory or equitable tolling, his federal petition is untimely.

*A. Statutory Tolling*

In calculating the one-year period, the Court must exclude the time during which properly filed state collateral proceedings are pending. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*,

---

[8] *See Jefferson v. Commonwealth*, 840 S.E.2d 329, 331 (Va. 2020) (Rule 5A:6 "requires that an appeal to the Court of Appeals be noted within thirty days of the entry of final judgment"); *Woody v. Commonwealth*, 670 S.E.2d 39, 43 (Va. Ct. App. 2008) ("If the notice of appeal is not filed within 30 days, 'the notice is "ineffective" and the appeal is never properly perfected.'") (quoting *Zion Church Designers & Builders v. McDonald*, 445 S.E.2d 704, 706 (Va. Ct. App. 1994) (recognizing that the time requirement is jurisdictional)).

5

544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On November 10, 2022, after the time to file a federal petition had already lapsed, Petitioner filed a federal § 2254 petition and a state petition, essentially simultaneously raising the same claims. Petitioner did not appeal either the dismissal of his federal petition on March 27, 2023, *Johnson-Townes I,* ECF 6; or the dismissal of his state petition on April 24, 2023.[9] As both petitions were filed after the federal statute of limitations had already expired, neither the state nor federal petition can provide a basis for tolling. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[E]ven 'properly filed' state-court petitions must be 'pending'. . . to toll the limitations period." (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). In short, absent equitable tolling, the present federal petition is barred by the statute of limitations.

    *B. Equitable Tolling*

To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

---

[9] As noted previously, Johnson-Townes did not appeal the circuit court's dismissal of his state habeas petition as untimely. His failure to appeal not only constitutes a default, *see supra* at note 4, but the dismissal of the petition as untimely also means that it was not properly filed within the meaning of the 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

6

timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001). In addition,

> [t]he word "prevent" requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.

*Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Here, Petitioner states in the applicable section of his § 2254 petition that his petition is timely "[b]ecause [he] had no knowledge of what admonishment meant, and nobody told [him] about binding contracts and how the[y] become valid or voided." ECF 1 at 13. Equitable tolling does not apply where a petitioner argues that his *pro se* status or ignorance of the law caused his failure to file a timely petition. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.") (collecting cases). Further, ineffective assistance of counsel generally does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Rouse*, 339 F.3d at 248.

Johnson-Townes' federal petition is untimely, and the motion to dismiss will be granted.

### IV. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (ECF 8) will be granted, and the petition will be dismissed in an order to be issued with this Memorandum Opinion.

/s/<br>
Michael S. Nachmanoff<br>
United States District Judge

June 24, 2025
Alexandria, Virginia